ACCEPTED
01-15-00512-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/30/2015 6:40:18 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-15-00512-CR

_____

### IN THE

### COURT OF APPEALS

### FOR THE FIRST DISTRICT OF TEXAS

### AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/30/2015 6:40:18 PM

CHRISTOPHER A. PRINE
Clerk

_____

### TAYLOR MARTIN KORB,
**Appellant**

**v.**

### STATE OF TEXAS,
**Appellee**

_____

On Appeal from Cause No. 1980492
County Criminal Court at Law Number Three (3)
Harris County, Texas
Hon. Natalie Fleming, Presiding

_____

## BRIEF OF APPELLANT TAYLOR MARTIN KORB

_____

DAN KRIEGER
215 East Galveston Street
League City, Texas 77573
(281) 332-7630 Phone
(281) 332-7877 Facsimile
dan@kriegerlawfirm.com
ATTORNEY FOR APPELLANT

ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| Appellant/Defendant: | Taylor Martin Korb |
| Trial Counsel for Appellant: | Dan Krieger<br>State Bar No. 24064243<br>Christopher Morton<br>State Bar No. 24037145<br>215 E. Galveston St.<br>League City, Texas   77573<br>(281) 332-7630 (Telephone)<br>(281) 332-7877 (Facsimile)<br>dan@kriegerlawfirm.com |
| Appellate Counsel for Appellant: | Dan Krieger<br>State Bar No. 24064243<br>215 East Galveston Street<br>League City, Texas   77573<br>(281) 332-7630 (Telephone)<br>(281) 332-7877 (Facsimile)<br>dan@kriegerlawfirm.com |
| Appellee: | State of Texas |
| Trial Counsel for Appellee: | Napoleon Wilson Stewart, II<br>State Bar No. 24086894<br>Molly Katharine Wurzer<br>State Bar No. 24082073<br>1201 Franklin, Suite 600<br>Houston, Texas 77002<br>Telephone: (713) 755-5800 |
| Appellate Counsel for Appellee: | Alan Curry<br>State Bar No. 05263700<br>1201 Franklin Street<br>Houston, Texas 77002<br>Telephone: (713) 755-5826 |
| Trial Judge: | Honorable Natalie Fleming |

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................... ii

TABLE OF CONTENTS ................................................................................... iii

INDEX OF AUTHORITIES ............................................................................... v

STATEMENT OF THE CASE ............................................................................ 1

STATEMENT REGARDING ORAL ARGUMENT ................................................... 2

ISSUE PRESENTED FOR REVIEW .................................................................... 3

STATEMENT OF FACTS ................................................................................. 4

SUMMARY OF THE ARGUMENT ..................................................................... 7

ARGUMENT AND AUTHORITIES .................................................................... 8

    ISSUE 1: THE TRIAL COURT ERRED IN FAILING TO SUPPRESS THE
    OFFICER'S STOP OF THE APPELLANT AS THERE WERE NO
    ARTICULABLE FACTS TO ESTABLISH REASONABLE SUSPICION FOR
    THE STOP OF THE APPELLANT................................................................... 8

        A. STANDARD OF REVIEW ............................................................... 8

        B. THE REPORT OF A PERSON DRIVING BY A RESIDENCE,
           WITHOUT EVIDENCE OF OTHER ILLEGAL ACTIVITY IS
           INSUFFICIENT TO JUSTIFY AN INVESTIGATIVE DETENTION ................. 9

        C. THE COURT OF CRIMINAL APPEALS IN *CRAIN V. STATE*
           ESTABLISHED THE FACTORS RELIED UPON BY THE OFFICER
           IN THIS CASE WERE INSUFFICIENT TO CONSTITUTE
           REASONABLE SUSPICION ................................................................ 10

        D. THE FACTS OF THIS CASE ARE DISTINGUISHABLE FROM
           OTHER CASES WHERE REASONABLE SUSPICION WAS FOUND
           FOR AN INVESTIGATIVE DETENTION. ............................................. 11

PRAYER ............................................................................................. 13

CERTIFICATE OF SERVICE ............................................................. 15

CERTIFICATE OF COMPLIANCE ...................................................... 15

APPENDIX ......................................................................................... A

iv

# INDEX OF AUTHORITIES
## FEDERAL AND STATE COURT CASES

*Amador v. State,*
    275 S.W.3d 872 (Tex.Crim.App.2009) ......................................................8

*Brown v. Texas,*
    443 U.S. 47 (1979).............................................................................. 9

*Crain v. State,*
    315 S.W.3d 43 (Tex.Crim.App. 2010)...................................... 9-11

*Derichsweiler v. State,*
    348 S.W.3d 906 (Tex.Crim.App. 2011).................................... 12

*Ford v. State,*
    158 S.W.3d 488 (Tex.Crim.App. 2005).................................... 8

*Taflinger v. State,*
    414 S.W.3d 881 (Tex.App.–Houston [1st Dist.] 2013, no pet.) .............11,12

*Terry v. Ohio,*
    392 U.S. 1 (1968)............................................................... 9, 10

*United States v. Sokolow,*
    490 U.S. 1 (1989) ................................................................. 9

*Wiede v. State,*
    214 S.W.3d 17 (Tex.Crim.App. 2007)....................................... 8

*Woods v. State,*
    956 S.W.2d 33 (Tex.Crim.App.1997) ...................................... 10

**STATEMENT OF THE CASE**

Mr. Taylor Martin Korb ("Appellant") was charged with Driving While Intoxicated, a class B misdemeanor. (C.R. at 5). Appellant filed a motion to suppress the traffic stop on March 13, 2015. (C.R. at 23-24). The trial court heard Appellant's motion to suppress on April 28, 2015 and denied the motion to suppress the traffic stop. (III R.R. at 42). A jury trial commenced immediately after the suppression hearing and on the same date. (C.R. at 27-32). Defendant was convicted of Driving While Intoxicated on April 29, 2015 and sentenced by the Court to one hundred eighty days in the Harris County Jail, probated for twelve months and a $500 fine. (C.R. at 41-42).

**STATEMENT REGARDING ORAL ARGUMENT**

Pursuant to Rule 39.7 of the Texas Rules of Appellant Procedure, Appellant Taylor Martin Korb requests that this Court hear oral argument of this appeal. Appellant believes that oral argument would significantly aid this Court in determining the application of the facts in this matter to the legal issues presented herein. This appeal presents important legal issues concerning a police officer's reasonable suspicion for an investigative detention.

## ISSUE PRESENTED FOR REVIEW

Issue 1: The trial court erred in failing to suppress the officer's stop of the Appellant as there were no articulable facts to establish reasonable suspicion for the stop of the Appellant.

## STATEMENT OF FACTS

At the motion to suppress hearing, held prior to trial, the State stipulated this was a warrantless arrest case. (III R.R. at 4).

On August 28, 2014, at approximately midnight, Officer Galvan of the Pasadena Police Department was on-duty, working patrol, and was sent to a residential neighborhood in Pasadena, Texas. (III R.R. at 5-6). Officer Galvan testified that he was called for a light-colored, small truck driving in the area. (III R.R. at 12). Officer Galvan stated he was familiar with the neighborhood and criminal mischief and burglaries occur there. (III R.R. at 9). No evidence was presented regarding the officer's familiarity with these crimes with respect to the area. Officer Galvan testified that at the time of this call no criminal activity was reported and no illegal activity was reported. (III R.R. at 22, 27).

Officer Galvan testified that approximately one minute later he arrived in the area and saw the Appellant driving a light colored truck and using a cellular phone. (III R.R. at 13-14). Officer Galvan reported that the caller was identified by name and phone number. (III R.R. at 13). Officer Galvan also testified that caller reported he had seen the vehicle three times over a period of ten minutes. (III R.R. at 22). The caller was not presented as a witness at the suppression hearing or at trial.

Officer Galvan testified there was "no good reason for anyone to just drive around multiple times" and that he "wanted to gather more information on the

4

vehicle onto why he was driving around the area so many times." (III R.R. at 25, 30). He further testified the truck solely driving around would cause alarm. (III R.R. at 23). Officer Galvan testified that [a person] raise[s] suspicion by driving in the area multiple times. (III R.R. at 28). When asked about the raised suspicion, Officer Galvan indicated that the activity raised suspicion of "suspicious activity" and "possibly casing homes, and possibly looking to burglarize." (III R.R. at 28).

Officer Galvan also testified that by simply observing a person driving around, he would not have reasonable suspicion to believe a person had committed a crime or that a person was going to commit a crime. (III R.R. at 29). Officer Galvan stated he would need more articulable facts to determine if some crime was going to happen. (III R.R. at 23-24).

Officer Galvan testified that prior to the stop he observed the Appellant to make a complete stop at a stop sign. (III R.R. at 27). He testified that Appellant properly signaled his turn and turned properly. (III R.R. at 27). Officer Galvan further testified that he did not observe anything that would lead him to believe that Appellant was intoxicated at the time of stopping the vehicle. (III R.R. at 27). Officer Galvan confirmed that the sole reason for his stopping the vehicle was because of the call. (III R.R. at 27).

Officer Galvan testified he did not have enough information to have a reasonable suspicion, solely based on Appellant driving around, that Appellant had

5

committed a crime or was going to commit a crime. (III R.R. at 29). On further questioning, Officer Galvan was asked if he believed that if someone calls 911 and reports a suspicious vehicle that he had the right to stop the vehicle. (III R.R. at 31). Officer Galvan responded that "we check all calls and the vehicles in the area or persons that are called in." (III R.R. at 31). When asked if Appellant's counsel called 911 and simply said there is a suspicious vehicle driving in front of his house, if Officer Galvan would stop that vehicle -- Officer Galvan's response was, "Yes." (III R.R. at 31).

No other witnesses were presented. At the close of the suppression hearing, the trial court denied the Appellant's motion to suppress. (III R.R. at 42).

**SUMMARY OF THE ARGUMENT**

The arresting officer in this matter testified that he did not observe any illegal activity and that he would need further articulable facts other than a person driving around to have reasonable suspicion to stop the Appellant. No evidence of any type of illegal activity was presented as the basis for the call to the police or the stop of the Appellant. A caller reporting a vehicle driving by a residence, without other evidence of criminal activity, does not provide reasonable suspicion to justify an investigative detention. There were no specific articulable facts that would justify an investigative detention in this matter.

**ARGUMENT AND AUTHORITIES**

**I.** **THE TRIAL COURT ERRED IN FAILING TO SUPPRESS THE OFFICER'S STOP OF THE APPELLANT AS THERE WERE NO ARTICULABLE FACTS TO ESTABLISH REASONABLE SUSPICION FOR THE STOP OF THE APPELLANT.**

**A.** **STANDARD OF REVIEW**

A trial court's ruling on a motion to suppress is reviewed under a bifurcated standard of review. *Ford v. State*, 158 S.W.3d 488, 493 (Tex.Crim.App.2005). The trial judge is the sole trier of fact and judge of the weight and credibility of the evidence and testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex.Crim.App.2007). The trial court's application of the law to the facts is reviewed *de novo*. *Ford*, 158 S.W.3d at 493.

To suppress evidence on an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. *Ford*, 158 S.W.3d at 492. A defendant satisfies this burden when, as here, he establishes "that a search or seizure occurred without a warrant. *Id.* If this showing is made, then the burden shifts to the State...." *Amador v. State*, 275 S.W.3d 872, 878 (Tex.Crim.App.2009). The State's burden is "to establish that the search or seizure ... was reasonable. *Ford*, 158 S.W.3d at 492. In the instant case, the State stipulates this was a warrantless arrest. (III R.R. at 4).

8

**B.** **THE REPORT OF A PERSON DRIVING BY A RESIDENCE, WITHOUT OTHER EVIDENCE OF ILLEGAL ACTIVITY, IS INSUFFICIENT TO JUSTIFY AN INVESTIGATIVE DETENTION.**

It is well-established that under the Fourth Amendment, a warrantless detention of the person that amounts to less than a full-blown custodial arrest must be justified by a reasonable suspicion. *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968); s*ee also, United States v. Sokolo*w, 490 U.S. 1, 7 (1989) ("police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause.") (internal quotation marks omitted); *Brown v. Texas*, 443 U.S. 47, 51 (1979).

A police officer has reasonable suspicion to detain a person if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *United States v. Sokolo*w, 490 U.S. 1, 7 (1989) *; Crain v. State,* 315 S.W.3d 43, 52 (Tex.Crim.App. 2010); *Terry v. Ohio,* 392 U.S. at 21–22 ("the police officer must be able to point to specific and articulable facts which, if taken together with rational inferences from those facts, reasonably warrant" an investigative detention, and "it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the

9

seizure ... warrant a man of reasonable caution in the belief that the action taken was appropriate").

This standard is an objective one that disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention. *Terry*, 392 U.S. at 21–22. It also looks to the totality of the circumstances; the relevant inquiry is not whether particular conduct is innocent or criminal, but the degree of suspicion that attaches to particular non-criminal acts. *Woods v. State*, 956 S.W.2d 33, 38 (Tex.Crim.App. 1997). Here, the facts presented by the State do not meet an objective standard that would justify an investigative detention.

**C. THE COURT OF CRIMINAL APPEALS IN *CRAIN V. STATE* ESTABLISHED THE FACTORS RELIED UPON BY THE OFFICER IN THIS CASE WERE INSUFFICIENT TO CONSTITUTE REASONABLE SUSPICION.**

In *Crain,* the Appellant was walking late at night in a residential area in which burglaries occurred mostly after midnight. *Crain v. State,* 315 S.W.3d 43, 53 (Tex.Crim.App. 2010). When Crain saw the police officer's vehicle drive past him, he "grabbed at his waist." *Id.* As in this case, the officer acknowledged that he did not have a reason to arrest Crain at that time. Also similar to this case, there was no evidence regarding a specific crime or burglary had occurred or that Crain was engaged in illegal behavior. The Court of Criminal Appeals held that "[n]either time

10

of day nor level of criminal activity in an area are suspicious in and of themselves; the two are merely factors to be considered in making a determination of reasonable suspicion." *Id.* The court further held that those factors did not constitute reasonable suspicion. *Id.*

In the instant case, there was nothing in the surroundings of this matter that Appellant was engaged in suspicious or illegal activity and there is no other indicia of reasonable suspicion on the record -- the caller reported activity, not criminal activity. There is nothing inherently or objectively suspicious about a vehicle driving on a residential street three times over the course of ten minutes. This proposition is further supported by Officer Galvan's acknowledgment and testimony that he would need further articulable facts to determine if a crime was going to be committed. (III R.R. at 29). Here, there were no such facts presented to the trial court. The Appellant did not drive erratically, he did not look into vehicles, he did not pull into residential driveways and leave – he simply drove by. (III R.R. at 27).

**D. THE FACTS OF THIS CASE ARE DISTINGUISHABLE FROM OTHER CASES WHERE REASONABLE SUSPICION WAS FOUND FOR AN INVESTIGATIVE DETENTION.**

This case is fundamentally and factually distinguishable from this Court's holding in *Taflinger v. State*. In *Taflinger*, there was a specific report of wrongdoing – a store clerk, well-known to the officer, observed an intoxicated person driving away from the store. *Taflinger v. State,* 414 S.W.3d 881, 884

11

(Tex.App.–Houston [1st Dist.] 2013, no pet.). The officer observed the driver driving immediately after the report and believed in good faith that he observed the driver commit a traffic violation. *Id. at 886.* Here, in contrast, there was no report of intoxication, erratic driving, or other wrongdoing – simply driving. Furthermore, the caller in this case did not follow the vehicle, describe any specific wrongdoing, did not provide an actual color of the vehicle, and was not known by the officer to the extent of the clerk in *Taflinger. Id.*

This case is further distinguishable from *Derichsweiler v. State*. In *Derichsweiler*, the Appellant pulled up in his vehicle next to the Holder family who were in another vehicle at a McDonald's drive-thru. *Derichsweiler v. State,* 348 S.W.3d 906, 909 (Tex.Crim.App.2011). He stared at them and was inexplicably grinning directly at them. *Id.* Appellant then drove away and repositioned his car to a place where he was directly facing them and was again staring and grinning at them. *Id.* The Appellant drove away yet another time and then suddenly reappeared from behind the Holden family's vehicle. *Id.* He pulled to the left side of the Holden's car, not quite blocking it in. *Id.* He again began staring and grinning at them. *Id.* At the Appellant's motion to suppress, the Holden's specifically testified that they felt threatened and intimidated by this conduct. *Id.* They further felt that they were being "sized up" or "stalked." *Id.* They then also observed the Appellant to engage in the same or similar conduct in an adjoining Walmart parking lot. *Id.* at

12

910. They reported the activity to the police and stood by at the scene continuously reporting the Appellant's actions to the police and providing them with the make, model, color, and license plate of the Appellant's vehicle. *Id.*

In contrast, there was no "bizarre" behavior here as it was characterized by the Court of Criminal Appeals in *Derichsweiler*. *Id.* at 917. In the instant matter, there was no description of any specific action, other than ordinary driving, described or reported to the police. There was no action committed by the Appellant against the caller, which was also specifically noted as a factor in the *Derichsweiler* holding. *Id.* The arresting officer in this matter made conclusory statements that Appellant's actions were suspicious, but there were no specific articulable facts that reasonably support these claims. Additionally, there were no specific descriptions of the vehicle, driver, or license plate of the vehicle that would affirmatively link the vehicle Appellant was driving to the vehicle described by alleged caller.

## PRAYER

A citizen merely calling the police to report innocuous activity should not and does not give rise to reasonable suspicion in this matter. There were no exigent circumstances present that would have prevented the arresting officer from investigating further to see if there was any type of criminal activity involved in the citizen's report. The contours of reasonable suspicion have evolved considerably since the landmark decision in *Terry*, but have not extended to the point where

simply operating a vehicle constitutes a valid reason for an investigative detention.
For the reasons stated in this brief, Appellant, Taylor Martin Korb, respectfully
requests this Court reverse the trial court and remand the case

Respectfully submitted,
**LAW OFFICE OF DAN KRIEGER**
215 E. Galveston St.
League City, Texas   77573
(281) 332-7630 Tel.
(281) 332-7877 Fax
dan@kriegerlawfirm.com

By: /s/ Dan Krieger
   Dan Krieger
   State Bar No. 24064243
   Attorney for Appellant

14

## **CERTIFICATE OF COMPLIANCE**

I certify that this document was produced on a computer using Microsoft Word and contains {2number} words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ Dan Krieger
Dan Krieger

## **CERTIFICATE OF SERVICE**

A true and correct copy of the above and foregoing document has been forwarded to the following persons, in accordance with the TEXAS RULES OF APPELLATE PROCEDURE, on the 30th day of September, 2015:

Alan Curry
Harris County District Attorney's Office
1201 Franklin Street
Houston, Texas 77002

/s/ Dan Krieger
Dan Krieger

**NO. 01-15-00512-CR**
_____

**IN THE**

**COURT OF APPEALS**

**FOR THE FIRST DISTRICT OF TEXAS**

**AT HOUSTON**
_____

**TAYLOR MARTIN KORB,**
**Appellant**

**v.**

**STATE OF TEXAS,**
**Appellee**
_____

On Appeal from Cause No. 1980492
County Criminal Court at Law Number Three (3)
Harris County, Texas
Hon. Natalie Fleming, Presiding
_____

**APPELLANT'S APPENDIX**
_____

**LIST OF DOCUMENTS**

1. Defendant's Motion to Suppress (CR 23-24) ............................................TAB 1
2. Jury Instructions and Verdict (CR 33-37) ....................................................TAB 2
3. Trial Court's Judgment (CR 41) ...................................................................TAB 3

A

14/HW/9999
P2

NO. 1980492

| STATE OF TEXAS | § | IN THE No. 3 COUNTY |
| | § | |
| vs. | § | CRIMINAL COURT OF LAW |
| | § | |
| TAYLOR MARTIN KORB | § | HARRIS COUNTY, TEXAS |

## MOTION TO SUPPRESS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Taylor Martin Korb, Defendant, and files this Motion to Suppress and shows the following:

1. Defendant has been charged with the offense of Driving While Intoxicated.

2. The actions of the Houston Police Department violated the constitutional and statutory rights of the Defendant under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the Texas Constitution, and under Article 38.23 of the Texas Code of Criminal Procedure.

3. Taylor Martin Korb was arrested without lawful warrant, probable cause or other lawful authority in violation of the rights of Taylor Martin Korb pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Sections 9, 10 and 19 of the Constitution of the State of Texas.

4. Therefore, Defendant requests that the following matters be suppressed at trial of this cause:

    a. The arrest of Taylor Martin Korb at the time and place in question and any and all evidence which relates to the arrest, and any testimony by any law enforcement officers or others concerning any action of Taylor Martin Korb while in detention or

FILED
Chris Daniel
District Clerk

MAR 13 2015

Time:_____
Harris County, Texas
By_____ 23
Deputy

TAB 1

B

under arrest in connection with this case.

      b.      Any other matters that the Court finds should be suppressed upon hearing of this motion.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that the Court suppress such matters at trial of this cause, and for such other and further relief in connection therewith that is proper.

Respectfully submitted,

The Law Office of Chris Morton

By: _____
Chris Morton
State Bar No. 24058871
chrismorton@mortonlaw.net
Attorney for Taylor Martin Korb

## CERTIFICATE OF SERVICE

This is to certify that on March 13, 2015 a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Harris County, by hand delivery.

_____
Chris Morton

24

C



CAUSE NUMBER 1980492

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY CRIMINAL |
| V. | § | COURT AT LAW NUMBER 3 |
| TAYLOR MARTIN KORB | § | OF HARRIS COUNTY, TEXAS |

MEMBERS OF THE JURY:

The Defendant, TAYLOR MARTIN KORB, stands charged by Information with the offense of operating a motor vehicle in a public place while intoxicated in Harris County, Texas, on or about AUGUST 28, 2014. To this charge the Defendant has pled not guilty.

The term "on or about" refers to any time during a two year period ending on the date the criminal complaint was filed in this cause.

Our statutes provide that a person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.

"Public place" means any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops.

"Motor vehicle" means a device in, on, or by which a person or property is or may be transported or drawn on a highway, except a device used exclusively on stationary rails or tracks.

"Intoxicated" means not having the normal use of mental or physical faculties by reason of the introduction of alcohol, or having an alcohol concentration of 0.08 or more.

"Alcohol concentration" means the number of grams of alcohol per: 210 liters of breath; or 100 milliliters of blood; or 67 milliliters of urine.

Therefore, if you believe from the evidence beyond a reasonable doubt that in Harris County, Texas, TAYLOR MARTIN KORB, hereafter styled the Defendant, heretofore on or about AUGUST 28, 2014, did then and there unlawfully operate a motor vehicle in a public place while intoxicated, then you will find the Defendant guilty.

33

TAB 2

D

If you do not so believe, or if you have a reasonable doubt thereof, you will find the Defendant not guilty.

You are instructed that no evidence obtained by an officers or other persons in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

You are further instructed that before an officer has the right to make a temporary investigative detention of a defendant, the officer must have a reasonable suspicion that the defendant is connected with some criminal activity that is or has occurred. To justify an investigative detention, an officer must have specific articulable facts, which taken together with rational inferences from those facts, lead him to conclude that the person detained actually is, has been, or soon will be engaged in criminal activity. The reasonableness of a temporary detention must be examined in terms of the totality of the circumstances. The test for reasonable suspicion is not whether conduct is innocent or guilty, but the degree of suspicion that attaches to noncriminal acts.

Now, therefore, before you consider the testimony of Officer Alberto Galvan and Officer Justin Coppedge concerning their observations of the defendant after his detention, you must first find beyond a reasonable doubt that the officer had such reasonable suspicion, and if you do not so find beyond a reasonable doubt you will disregard such testimony and find the defendant not guilty.

Our law provides that a defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

You are instructed that the law provides that the election by the defendant not to testify shall not be taken as a circumstance against him, and you must not allude to, comment on, or discuss in your retirement the election of the defendant not to testify in this cause, nor will you

34

E

refer to or discuss any matter not before you in evidence, and any juror doing so may be guilty of contempt of Court.

If any juror starts to mention the defendant's election not to testify in this case, then it is the duty of the other jurors to stop him at once.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at the person's trial. The law does not require a defendant to prove his or her innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

You are instructed that the criminal information is not evidence of guilt. It is the means whereby a Defendant is brought to trial in a misdemeanor prosecution. It is not evidence, nor can it be considered by you in passing upon the innocence or guilt of this Defendant.

During your deliberations in this case, you must not consider, discuss or relate any matters not in evidence before you. You should not consider or mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

After you have retired to your jury room, you should select one of your members as your foreperson. It is his or her duty to preside at your deliberations, vote with you and, when you have unanimously agreed upon a verdict, to certify to your verdict by signing the same as foreperson.

You are the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to the evidence, but you are bound to receive the law from the Court, which is herein given to you, and be governed thereby.

35

F

No one has any authority to communicate with you except the officer who has you in charge. You may communicate with the court only in writing, signed by your presiding juror, delivered to the court by the officer who has you in charge. Do not attempt to talk to the officer, the attorneys, or the court concerning questions you may have. You may not separate from each other without the court's permission, nor may you talk with anyone not of your jury regarding this case.

A form for your verdict is hereto attached; your verdict must be in writing and signed by your foreperson. Your sole duty at this time is to determine the guilt or innocence of the Defendant under the information in this case, and restrict your deliberations solely to the issue of guilt or innocence of the Defendant.

NATALIE C. FLEMING, JUDGE
COUNTY CRIMINAL COURT AT LAW #3
HARRIS COUNTY, TEXAS



36

G

CAUSE NUMBER 1980492

| THE STATE OF TEXAS | § | IN THE COUNTY CRIMINAL |
| V. | § | COURT AT LAW NUMBER 3 |
| TAYLOR MARTIN KORB | § | OF HARRIS COUNTY, TEXAS |

**VERDICT**

We, the Jury, find the Defendant "Not Guilty" of driving while intoxicated as charged in the Information.

_____

PRESIDING JUROR

We, the Jury, find the Defendant "Guilty" of driving while intoxicated as charged in the Information.

_Stephanie G. Rollins_ _____

PRESIDING JUROR

37

H



CASE NO. 198049201010
INCIDENT NO./TRN: 9170142068A001

*P.6*

| THE STATE OF TEXAS | § | IN THE COUNTY CRIMINAL |
| | § | |
| V. | § | COURT AT LAW NO. 3 *P.6* |
| | § | |
| KORB, TAYLOR MARTIN | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX08414029 | § | |

## JUDGMENT OF CONVICTION BY JURY

| Judge Presiding: | HON. NATALIE FLEMING | Date Judgment Entered: | 04/29/2015 |
|---|---|---|---|
| Attorney for State: | NAPOLEON WILSON STEWART II | Attorney for Defendant: | MORTON, CHRISTOPHER DEAN |

| Offense for which Defendant Convicted: | | |
|---|---|---|
| **DWI 1ST OFFENDER BAC .08** | | |
| Charging Instrument: | | Statute for Offense: |
| **INFORMATION** | | **N/A** |
| Date of Offense: | | |
| **08/28/2014** | | |
| Degree of Offense: | | Plea to Offense: |
| **CLASS B MISDEMEANOR** | | **NOT GUILTY** |
| Verdict of Jury: | | Findings on Deadly Weapon: |
| **GUILTY** | | **N/A** |

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Punished Assessed by: ~~JURY~~ Court | Date Sentence Imposed: 04/29/2015 | Date Sentence to Commence: N/A |
|---|---|---|
| Punishment and Place of Confinement: | **180 DAYS COUNTY JAIL** | |

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☒ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **1 YEAR.**

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ 500 | $ | $ N/A | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

| Time Credited: | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. | |
|---|---|---|
| | N/A DAYS    NOTES: N/A | |

Driver's license is suspended for a period of N/A

☐ **Family Violence:**
The Court FINDS that Defendant was prosecuted for an offense under Title 5 of the Penal Code that involved family violence. TEX. CODE CRIM. PROC. art. 42.013.

☐ **Weapon Forfeiture:**
The Court FINDS that a law enforcement agency, namely, seized a weapon, namely, in connection with an offense involving the use of a weapon or an offense under Chapter 46 of the Penal Code. The Court FINDS that 1) Defendant has been previously convicted under Chapter 46 of the Penal Code.

Name changed from

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Harris County, Texas** The State appeared by her District Attorney

**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INFORMATION was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

41

TAB 3

I

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

### Punishment Assessed by Jury / Court / No election (select one)

☐ **Jury**. Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☒ **Court**. Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election**. Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court FINDS Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Harris County, Texas on the date the sentence is to commence. Defendant shall be confined in the **Harris County Jail** for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the **Harris County District Clerk's office**. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the **Office of the Harris County District Clerk**. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☐ The Court ORDERS Defendant's sentence EXECUTED.

☒ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

---

**Signed and entered on 04/29/2015**

x _NCFleming_
**NATALIE FLEMING**
JUDGE PRESIDING

Community Supervision Expires On: 04/28/2016

Ntc Appeal Filed: Mandate Rec'd:
5/6/15
After Mandate Received, Sentence to Begin Date is:

Def Received on at ☐ AM ☐ PM

By: , Deputy Sheriff of Harris County

Clerk: H NEALIS

Case Number: 198049201010
Defendant: KORB, TAYLOR MARTIN

EN/KR23:    LCBT:    LCBU:

999

Right Thumbprint

42

J